[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Charles Bryant appeals his convictions, following a bench trial, for two counts of receiving stolen property in violation of R.C. 2913.51(A).
In the first of his two assignments of error, Bryant challenges the sufficiency and the weight of the evidence to support the two convictions. In reviewing a claim of insufficient evidence, an appellate court must examine the evidence presented at trial and determine whether that evidence, viewed in a light most favorable to the prosecution, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[1] In reviewing a weight-of-the-evidence question, an appellate court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
After reviewing the record, we hold that there was sufficient evidence presented to support Bryant's convictions for receiving a stolen motor vehicle and stolen temporary-license-plate tags, and that the convictions were not against the weight of the evidence. The first assignment of error is overruled.
In his second assignment of error, Bryant asserts that his sentence was contrary to law. Bryant maintains that the trial court failed to make the statutorily required findings before imposing the maximum sentence for receiving a stolen motor vehicle, a felony of the fourth degree. We disagree.
Before imposing the maximum sentence, a trial court must find that that the offender committed the worst from of the offense or has the greatest likelihood of recidivism, and it must give reasons supporting its finding.[3] Here, although the trial court did not articulate all of its findings at the sentencing hearing, it did indicate on the felony sentencing worksheet that Bryant posed the greatest likelihood of re-offending. The court supported this finding by noting Bryant's numerous prior theft offenses, including several automobile thefts. Additionally, a review of the record reveals that the trial court made all the other appropriate findings necessary to support Bryant's sentence.
But, with respect to Bryant's sentence for receiving a stolen temporary-license-plate tag, which is a felony of the fifth degree, we hold that the trial court erred in adding to the judgment that Bryant would be subject to the post-release-control provisions of R.C. 2967.28, when the court failed to verbally notify Bryant that this would be part of his sentence, and when the record did not contain any court documents, endorsed by Bryant, informing him of the statutory provisions.[4]
Accordingly, we sustain Bryant's second assignment of error in part, and modify his sentence by removing the trial court's order regarding the post-release control provisions of R.C. 2967.28.
The judgment of the trial court is affirmed as modified.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541, 546-547.
[3] See R.C. 2929.14(C); State v. Edmonson, 86 Ohio St.3d 324,328-329, 1999-Ohio-110, 715 N.E.2d 131, 135.
[4] State v. McAninch, 1st Dist. No. C-010456, 2002-Ohio-2347;State v. Lattimore, 1st Dist. No. C-010488, 2002-Ohio-723.